Ms. Renie Davis Chairperson, Statewide Human Rights Advocacy Committee 1317 Winewood Boulevard Building 1, Room 401 Tallahassee, Florida 32399-0700
Dear Ms. Davis:
You ask substantially the following question:
May a member of a human rights advocacy committee conduct on-site monitoring of domestic violence centers that are funded by the Department of Children and Family Services?
In sum:
While a human rights advocacy committee may have access to client files, records, and reports of a domestic violence center that have been disclosed to the Department of Children and Family Services, the committee or its members are not authorized to conduct unannounced site visits of domestic violence centers unless conditioned upon a specific complaint.
The Statewide Human Rights Advocacy Committee (committee) was created in the former Department of Health and Rehabilitative Services, now known as the Department of Children and Family Services[1] (department), to serve as "an independent third-party mechanism for protecting the constitutional and human rights ofany client within a program or facility operated, funded,licensed, or regulated by the Department of Health andRehabilitative Services."[2] (e.s.) In each service district of the department, there is at least one district human rights advocacy committee that serves as an extension of the statewide committee and acts in a similar capacity.[3]
In considering the authority of the human rights advocacy committee, this office recently concluded that the committee's authority to investigate a violation of constitutional or human rights is limited to clients of the Department of Children and Family Services.[4] Section 402.165(8)(a), Florida Statutes, authorizes the committee to have access to all client records, files, and reports from any program, service, or facility that is operated, funded, licensed, or regulated by the department and any records which are material to its investigation that are in the custody of another governmental agency.[5] In addition, section402.165(7)(b), Florida Statutes, authorizes
"Monitoring by site visit and inspection of records, the delivery and use of services, programs, or facilities operated, funded, regulated, or licensed by the [Department of Children and Family Services] for the purpose of preventing abuse or deprivation of the constitutional and human rights of clients. The StatewideHuman Rights Advocacy Committee may conduct an unannounced sitevisit or monitoring visit that involves the inspection of recordsif such visit is conditioned upon a complaint. A complaint may be generated by the committee itself if information from the [Department of Children and Family Services] or other sources indicates a situation at the program or facility that indicates possible abuse or neglect of clients."[6] (e.s.)
Part VI, Chapter 415, Florida Statutes, relates to the certification of domestic violence centers. The legislative intent is set forth in section 415.601, Florida Statutes, which provides:
"The Legislature recognizes that certain persons who assault, batter, or otherwise abuse their spouses and the persons subject to such domestic violence are in need of treatment and rehabilitation. It is the intent of the Legislature to assist in the development of domestic violence centers for the victims of domestic violence and to provide a place where the parties involved may be separated until they can be properly assisted."
The department is responsible for developing criteria for the certification or funding of such centers as well as minimum standards for the centers to ensure a client's health and safety.[7] Section 415.608, Florida Statutes, however, provides:
"Information about clients received by the department or by authorized persons employed by or volunteering services to a domestic violence center, through files, reports, inspection, or otherwise, is confidential and exempt from the provisions of s.119.07(1). Information about the location of domestic violence centers and facilities is confidential and exempt from the provisions of s. 119.07(1)."[8]
In addition, information about domestic violence center clients may not be disclosed without the written consent of the client to whom the information or records pertain.[9] While the statute specifies that such information may be disclosed under certain conditions to particular agencies, the committees are not among those enumerated agencies.[10]
In Attorney General Opinion 96-60, this office stated that a human rights advocacy committee could not obtain access to the client files, records, and reports of child protection teams. Such records were confidential in the hands of the teams, and while the statute authorized release to certain enumerated agencies, the committees were not among those listed.[11] This office stated, however, that once the information had been disclosed to the Department of Health and Rehabilitative Services (now the Department of Children and Family Services), such information could be released to the committees.
Similarly, in the instant inquiry the records and addresses of the domestic violence centers are confidential. While the statute authorizes the release to certain enumerated agencies, the committees are not among those authorized to receive such information. Once the information has been disclosed to the department, the committees may have access to such reports; however, as noted above, the committee is not authorized to conduct unannounced visits or visits involving the inspection of records unless conditioned upon a specific complaint.[12]
Accordingly, I am of the view that a member of the committee may not conduct an unannounced site visit to a domestic violence center unless the committee is investigating a specific complaint. The committee, however, may wish to seek legislative clarification of its responsibilities in this area.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 5, Ch. 96-403, Laws of Florida, redesignating the Department of Health and Rehabilitative Services as the Department of Children and Family Services, and s. 8, Ch. 96-403, Laws of Florida, creating the Department of Health.
[2] Section 402.165(7)(a), Fla. Stat.
[3] See, s. 402.166(1), Fla. Stat.
[4] Attorney General Opinion 97-14 (1997).
[5] See, s. 402.165(8)(a)2., Fla. Stat.; and see, s.402.166(8)(a)2., Fla. Stat., relating to district committees. Seealso, ss. 402.165(8)(b) and 402.166(8)(b), Fla. Stat., stating that all information obtained or produced by the committee which is made confidential by law, which relates to the identity of any client or group of clients subject to the protections of this section, or which relates to the identity of an individual who provides information to the committee about abuse or alleged violations of constitutional or human rights, is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I, of the State Constitution.
[6] And see, s. 402.166(7)(b), Fla. Stat., containing a similar provision for district committees.
[7] See, e.g., s. 415.603(1)(a) and (b), Fla. Stat.
[8] Section 415.608(1), Fla. Stat.
[9] Section 415.608(2), Fla. Stat.
[10] Id. And see, s. 415.608(3), Fla. Stat.
[11] See, ss. 402.165(8)(a)3. and 402.166(8)(a)2., Fla. Stat., giving the committees standing to petition the circuit court for access to client records that are confidential as specified by law. The petition must state the specific reasons for which the committee is seeking access and the intended use of the information. The court may grant access upon a finding that such access is directly related to an investigation regarding the possible deprivation of constitutional or human rights or the abuse of a client.
[12] See, Final Staff Analysis Economic Impact Statement on CS/SB 693 (enacted as Ch. 89-215, Laws of Florida), Florida House of Representatives Committee on Regulatory Reform, October 1, 1989, stating that the bill reenacting provisions relating to the Statewide Human Rights Advocacy Committee and the district human rights advocacy committees authorizes the committee to monitor facilities operated or regulated by the department; however, "[u]nannounced visits are conditioned upon a complaint." The staff analysis further provides that the responsibilities of the department to the committees "will require procedures to address access by committees to confidential information[.]"